UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**TINA HUFF,**

    Plaintiff,

v.                                   **CASE NO.: 4:21-cv-00315**

**OUTBACK STEAKHOUSE OF
FLORIDA, LLC,**

    Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, **OS RESTAURANT SERVICES, LLC** (improperly named in the Complaint as **OUTBACK STEAKHOUSE OF FLORIDA, LLC**) ("Defendant"), pursuant to 28 U.S.C. §§ 1331, 1367, 1441, 1443, 1446, and N.D. Fla. Loc. R. 7.2, hereby files this Notice of Removal of an action pending in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida ("Circuit Court"), to the United States District Court, Northern District of Florida, Tallahassee Division and, in support states as follows:

    1.    Defendant desires to exercise its rights under the provisions of 28 U.S.C. § 1331, *et seq.*, to remove this action from the Circuit Court, where it is now pending under the name and style of: *Tina Huff v. Outback Steakhouse of Florida, LLC,* Case No. 2021-CA-944 ("Circuit Court Action").

2. The Complaint was filed by Plaintiff on June 8, 2021 and served on the Defendant on or about July 9, 2021, and contains five (5) counts, as follows:

<u>**Count I**</u>: **Sex Discrimination, Title VII of the Civil Rights Act of 1964**

<u>**Count II**</u>: **Sex Discrimination, Florida Civil Rights Act**

<u>**Count III**</u>: **Retaliation, Title VII of the Civil Rights Act of 1964**

<u>**Count IV**</u>: **Retaliation, Florida Civil Rights Act**

<u>**Count V**</u>: **Florida Private Whistleblower Act**

3. This Court has federal question jurisdiction over Count I and Count III, both of which are asserted under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII").

4. Pursuant to 28 U.S.C. § 1446(a), a certified copy of the Summons; Civil Cover Sheet; Complaint; and Uniform Order for Active, Differential Civil Case Management from the Circuit Court Action are attached to this Notice of Removal as "Exhibit 1." The Summons and Complaint are the only pleadings that have been served on Defendant.

5. In accordance with the requirements of 28 U.S.C. § 1446(b)(2)(B), this Notice of Removal is filed within 30 days of the Defendant's receipt of the initial pleading through service of the Summons and Complaint.

6. Venue in this District and Division is proper pursuant to 28 U.S.C. § 1441(a), because this District and Division embrace the place in which the removed action was filed and is pending – Leon County, Florida.

7. Pursuant to 28 U.S.C. § 1446(d), written and electronic notice of filing this Notice of Removal will be served upon Plaintiff's counsel, Richard E. Johnson. A true copy of this Notice of Removal will also be filed with the Clerk of the Circuit Court, as required by law.

## Removal Based on Federal Question Jurisdiction

8. Unless specifically prohibited by an act of Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This Court possesses original jurisdiction over this civil action, because it involves a federal question under 28 U.S.C. § 1331.

9. Plaintiff's state law claims are properly removable pursuant to 28 U.S.C. §1367. *E.g.*, Lepucki v. Van Wormer, 765 F. 2d 86, 89 (7th Cir. 1985), cert. denied, 106 S.Ct. 86 (1985).

10. The pendent state law claims arise from a common nucleus of operative facts. United Mine Workers of Am. V. Gibbs, 383 U.S. 715, 725 (1966).

Further, this Court has supplemental jurisdiction over the state law claims because they are so related to the Title VII discrimination and retaliation claims over which federal question jurisdiction exists that they "form part of the same case or controversy." *See*, 28 U.S.C. § 1367(a). This action does not fall within the exceptions to supplemental jurisdiction outlined in 28 U.S.C. § 1367(b) and (c).

11. The test developed by the Eleventh Circuit when determining whether a state law claim forms part of the same case or controversy as a federal claim asks whether the claims "arise from the same facts, or involve similar occurrences, witnesses or evidence." <u>Hudson v. Delta Air Lines, Inc.</u>, 90 F.3d 451, 455 (11th Cir.1996) (citing <u>Palmer v. Hosp. Auth. of Randolph Cnty.</u>, 22 F.3d 1559, 1566 (11th Cir.1994)). Like her Title VII discrimination and retaliation claims, Plaintiff's Florida Civil Rights Act and Florida Private Whistleblower Act claims arise from her employment with Defendant, will involve the same witnesses and evidence, are evaluated under the same legal standards, deal with the same occurrences and are about the same actions or inactions in dispute.

12. Accordingly, the requirements to remove both the Federal and State law claims filed by Plaintiff are satisfied.

**WHEREFORE**, Defendant respectfully requests that this action be removed to this Court and that this Court accept jurisdiction of this action, and henceforth that this action be placed on the docket of this Court for further proceedings, the same as though this action had been originally instituted in this Court.

Dated this 28th day of July 2021.

                        Respectfully submitted,

                        */s/ Robert J. Sniffen*
                        **ROBERT J. SNIFFEN**
                        Florida Bar Number: 0000795
                        rsniffen@sniffenlaw.com

                        **SNIFFEN & SPELLMAN, P.A.**
                        123 North Monroe Street
                        Tallahassee, Florida 32301
                        Telephone: (850) 205-1996
                        Facsimile: (850) 205-3004

                        *Counsel for OS Restaurant Services, LLC/Outback Steakhouse of Florida, LLC*

## WORD COUNT CERTIFICATION

This document complies with word limits set forth in N.D. Fla. Local Rule 7.1(F), and contains 827 words, which includes the headings, footnotes, and quotations, but does not include the case style, signature block or Certificates of Word Count and Service.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 28th day of July, 2021, through the Court's E-Service portal to Plaintiff's counsel of record, via electronic mail and by U.S. Mail to the following recipients:

Richard E. Johnson
LAW OFFICE OF RICHARD E. JOHNSON
314 West Jefferson Street
Tallahassee, Florida 32301
rick@rej-law.com

                                                       */s/ Robert J. Sniffen*
                                                     **ROBERT J. SNIFFEN**