Filing # 127376214 E-Filed 05/24/2021 11:38:44 AM

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.   CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SECOND</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>LEON</u>   COUNTY, FLORIDA

<u>Tina Huff</u>
Plaintiff

Case #   2021 CA 000944

Judge _____

vs.

<u>Outback Steakhouse of Florida, LLC</u>
Defendant

**II.   AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III.   TYPE OF CASE**     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

A Certified Copy
Attest:

**Gwendolyn Marshall**
**Clerk** & Comptroller
**Leon** County, Florida

By _____
Deputy Clerk

7/20/2021

Exhibit 1

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
      ☐ Residential Evictions
      ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   <u>5</u>

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Richard Errol Johnson</u>      Fla. Bar # <u>858323</u>
      Attorney or party             (Bar # if attorney)

<u>Richard Errol Johnson</u>      <u>05/24/2021</u>
(type or print name)      Date

Filing # 127376214 E-Filed 05/24/2021 11:38:44 AM

## IN THE CIRCUIT COURT OF THE SECOND JUDICIALCIRCUIT, IN AND FOR LEON COUNTY, FLORIDA

TINA HUFF,

    Plaintiff,

v.                                      **Case No.:**   2021 CA 000944

OUTBACK STEAKHOUSE OF FLORIDA, LLC

    Defendant.

_____/

### COMPLAINT

Plaintiff sues Defendant and states:

### JURISDICTION AND VENUE

1.  This action for monetary damages, for declaratory and injunctive relief, and for other equitable and ancillary relief is brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., and 42 U.S.C. § 1981a; under the Florida Civil Rights Act, §§ 760.01-11, Florida Statutes; under the Florida Whistleblower Act, §§ 448.101-105, Florida Statutes; and under the common law of Florida, for claims which are, individually, valued in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs, interest, & attorney's fees.

A Certified Copy
Attest:

**Gwendolyn Marshall**
Clerk & Comptroller
Leon County, Florida

By

7/20/2021

Deputy Clerk

2.      Plaintiff Tina Huff ("Plaintiff or "Huff") is a female citizen of the United States and a citizen of Georgia.

3.      Defendant Outback Steakhouse of Florida, LLC, is a Florida corporation with its principal place of business in Tampa, Florida.

4.      Substantially all the transactions and occurrences herein occurred in Leon County, Florida.

## CONDITIONS PRECEDENT

5.      All conditions precedent to bringing this action have occurred.

## GENERAL ALLEGATIONS

6.      Plaintiff was a server at Outback Steakhouse in Tallahassee, Florida. She suffered sexual harassment, gender discrimination, and a sequence of retaliatory actions, culminating in a firing on November 10, 2018.

7.      Plaintiff started work as a server at Outback Steakhouse in June, 2017.

8.      Often, she had the best results on the floor and had a knack for "upselling" the customers.

9.      Plaintiff was sexually harassed by her direct supervisor, Brent Lewis, since he started in around February/March of 2018.

10.     In November or December of 2017, the local Managing Partner, also known as "Proprietor," Tom Propp expressed an interest in grooming Plaintiff for one of the store's top management positions, -- one that paid $44,000.

11.     In June, 2018, Mr. Propp suggested that Plaintiff test to become a Key Manager.

12.     As the Managing Partner or Proprietor, Mr. Propp was a sort of franchisee at Outback.   He had an ownership interest, but still served at the pleasure of corporate.

13.     A Key Manager is the lowest rung on the managerial ladder and is regarded as a steppingstone to store management.

14.     Plaintiff had not gone along with the sexual harassment in the store, which is why Mr. Propp had lowered her promotion target from the higher position.

15.     Brent Lewis said he would quit if Plaintiff became a Key Manager.  He was alienated from Plaintiff because she did not like his constant barrage of sexual commentary and made that dislike known.

16.     Brent Lewis enlisted Madison Makory, who was already a Key Manager, and Rob McManus, Kitchen/ Front Room Manager, to bully and taunt Plaintiff regarding their expectations that she would fail the test.

17.     For example, Ms. Makory joined in the sexual harassment herself. Keying off Plaintiff's success with regular customers who asked to be seated at her tables, Ms. Makory openly taunted Plaintiff about giving the men "hand-jobs" under the tables.

18.     Plaintiff reported all this to one of the store managers, Brandi Hall, who then reported it to Regional and to Mr. Propp, who expressed resentment that Plaintiff complained, but nevertheless spoke with the offenders and told them to stop.

19.     Plaintiff passed the test and otherwise had better credentials than the others, but did not get the position.

20.     This denial of promotion was retaliation for Plaintiff's complaint.  She knows this because Mr. Propp told her that her complaining made her a "shit-starter."

21.     The selectee for the position was less qualified.

22.     Mr. Propp's assessment of Plaintiff's rightful place went from high management to key management to waitress with the one and only disqualification being that she complained of the sexual harassment.

23.     Brandi Hall was the only manager on site who believed in the company's policy against sexual harassment and discrimination.  She fulfilled her duty to report this kind of misconduct against her and her staff.  She ended up losing her own job over this.

24.     Between May and August, 2018, Brent Lewis created a hostile environment for Plaintiff.

25.     Lewis started off by yelling Plaintiff's name and talking down to her.

26.    Plaintiff pulled him to the side and told him he could not talk to her like that. She added that others were laughing at her.

27.    Then the harassment began happening on a more regular basis.

28.    Lewis started saying, "F you," and then gradually started saying, "Fuck you," to Plaintiff.

29.    Lewis kept up a steady stream of verbal abuse about Plaintiff's age, race, and, especially, her sex.

30.    Plaintiff is older than the other servers.   So Lewis nicknamed her "Granny."  Plaintiff did not like this name and made it clear she resented being called this. Lewis made a show of asking Plaintiff whether the reason old customers liked her is because she is old too.

31.    Lewis made gross, sexually explicit remarks to Plaintiff.

32.    One of his themes was that he did not like white girls because their vaginas "look like raw roast beef." He had pictures that he would show to illustrate what he meant.

33.    Lewis also began calling Plaintiff "C-word," by saying things such as "go run this C-Word." He used that short form at first, but he evolved into actually calling Plaintiff "cunt."

34.     Another coworker was pregnant. For weeks, Lewis would comment to Plaintiff and others that Plaintiff looked more pregnant than she did. This went on until the time the pregnant server took leave.

35.     Plaintiff was 40 years old at this time and a mother many times over. Plaintiff has a bit of a belly. Lewis could see that it caused Plaintiff distress and embarrassment to subject her to open ridicule over this and to compare her appearance to that of a slender woman half her age. Lewis took delight from Plaintiff's humiliation.

36.     Lewis used the slang term "blumpkin" to Plaintiff. She did not know what it meant and repeated it. So Lewis started yelling to the kitchen, "Granny is giving out blumpkins." So a co-worker came to Plaintiff and said a "blumpkin" occurs when "a girl is giving a guy a blow job while he is on the toilet and he cums at the same time he shits." Plaintiff found this gross beyond measure, especially in view of the fact that Lewis had tricked her into saying the word. Lewis and the workers laughed at Plaintiff's humiliation.

37.     Plaintiff endured a constant barrage of these comments and others like them from May to August. She reported all of this to her manager, Brandi Hall, multiple times and made a formal complaint to HR on August 28, 2018, which finally sparked an investigation. Ms. Hall, whom Plaintiff believed to be of equal rank with Lewis, told Plaintiff she had made a complaint to Employee Relations

(ER), which she described as a step above HR.  She said she had complaints of her own and those of other women about Lewis.

38.    In September, 2018, right at the close of the investigation. Outback corporate cancelled Tom Propp's contract.  He was not a presence from then on. His replacement was Tommy Crones.  Brandi Hall had been forced out as manager in August. In the wake of all this, Lewis started calling Plaintiff a "snitch" and "FBI," telling others that Plaintiff had gone to HR and would probably do it again.

39.    Mr. Lewis resumed his vulgar means of addressing Plaintiff.  Mid-October (sometime between 21st and 28th), he said to Plaintiff, "Go run this fucking salad." Plaintiff asked him to ask her nicely and he responded with, "Lick my ball sack. Now go run this salad."  Lewis said Plaintiff would never win against him with HR or the courts because he is a black man who knows the law and can outrun anybody.

40.    The last straw came on October 30, 2018, when a bus girl was not busing Plaintiff's tables, because Plaintiff was a "snitch" who went to HR to complain of sexual and other harassment.  Plaintiff pleaded with Lewis to ask the bus girl to do her job. Lewis said, "you are grown-ass woman, I'm not fixin' to do this. Step outside." Plaintiff refused to go outside of the workplace with him.

He proceeded to grab Plaintiff's arm and jerk her towards the door. Plaintiff yanked her arm free from his grasp and went straight to her remaining two tables.

41.    Once Plaintiff watched Lewis walk away, she went outside to text Leanne Cash (JVP of Outback, who was her contact on the investigation) to inform her of the incident. Lewis came back to speak to Plaintiff.  She told him she had nothing more to say to him and was waiting for a reply from Ms. Cash.

42.    Lewis then informed Plaintiff that Tommy Crones (new Proprietor who replaced Tom Propp) told him to have Plaintiff leave the premises.

43.    Plaintiff finished her tables and then left.

44.    After leaving, Plaintiff went to the first gas station and called the police to report Lewis grabbing her arm and dragging her.

45.    Plaintiff was placed on suspension on October 31, 2018, and then fired on November 8, 2018.

46.    Defendant conducted a sham investigation aimed at discrediting Plaintiff and preserving its unlawful and discriminatory employment practices.

47.    Plaintiff has had to retain counsel to vindicate her rights in this matter and owes a reasonable attorney's fee and litigation costs and expenses.

## COUNT I – 42 U.S.C. § 2000(e) et seq.
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## SEX DISCRIMINATION

48.    Plaintiff realleges paragraphs 1 through 47.

49.     Plaintiff is a Female and is thus a member of a protected class.

50.     Plaintiff has suffered denial of a promotion based on sex as well as a hostile environment based on sex.

51.     The sexually harassing conduct was so severe or pervasive that a reasonable person in Plaintiff's position would find her work environment to be hostile or abusive.

52.     Plaintiff found her work environment to be hostile or abusive as a result of Defendant's agents' and employees' conduct.

53.     Management level employees knew, or should have known, of the abusive conduct. Plaintiff provided management level personnel with information sufficient to raise a probability of discrimination in the mind of a reasonable employer.

54.     Defendant did not exercise reasonable care to prevent discrimination in the workplace and did not exercise reasonable care promptly to correct any discriminatory behavior there.

55.     Plaintiff's sex was the determining factor and/or a motivating factor in Defendant's actions.

56.     The foregoing actions of Defendant and its agents and employees constitute unlawful action against Plaintiff in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq.

57.   Plaintiff has suffered damages because of Defendant's actions.

## COUNT II – §§ 760.01-760.11, FLORIDA STATUTES
## FLORIDA CIVIL RIGHTS ACT
## SEX DISCRIMINATION

58.   Plaintiff realleges paragraphs 1 through 47.

59.   Plaintiff is a Female and is thus a member of a protected class.

60.   Plaintiff has suffered denial of a promotion based on sex as well as a hostile environment based on sex.

61.   The sexually harassing conduct was so severe or pervasive that a reasonable person in Plaintiff's position would find her work environment to be hostile or abusive.

62.   Plaintiff found her work environment to be hostile or abusive as a result of Defendant's agents' and employees' conduct.

63.   Management level employees knew, or should have known, of the abusive conduct. Plaintiff provided management level personnel with information sufficient to raise a probability of discrimination in the mind of a reasonable employer.

64.   Defendant did not exercise reasonable care to prevent discrimination in the workplace and did not exercise reasonable care promptly to correct any discriminatory behavior there.

65.    Plaintiff's sex was the determining factor and/or a motivating factor in Defendant's actions.

66.    The foregoing actions of Defendant and its agents and employees constitute unlawful action against Plaintiff in violation of the Florida Civil Rights Act, §§ 760.01-760.11, Florida Statutes.

67.    Plaintiff has suffered damages because of Defendant's actions.

## COUNT III – 42 U.S.C. § 2000(e) et seq.
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## RETALIATION

68.    Plaintiff realleges paragraphs 1-47.

69.    Plaintiff engaged in protected conduct by objecting to the sex-based animus directed at her by Defendant's agents and employees, as well as sex-plus-age and sex-plus-race comments and conduct.

70.    Defendant took adverse actions against Plaintiff because of her protected conduct.

71.    The foregoing actions of Defendant constitute retaliation against Plaintiff in violation of Title VII of the Civil Rights Act of 1964.

72.    The retaliation described herein was based on Plaintiff's exercise of rights protected by law to resist and oppose sex discrimination and harassment and to participate in actions calculated to redress those grievances.

73.   Plaintiff has suffered damages because of Defendant's actions

## COUNT IV –§§ 760.01-760.11, FLORIDA STATUTES
## FLORIDA CIVIL RIGHTS ACT
### RETALIATION

74.   Plaintiff realleges paragraphs 1-47.

75.   Plaintiff engaged in protected conduct by objecting to the sex-based animus directed at her by Defendant's agents and employees, as well as sex-plus-age and sex-plus-race comments and conduct.

76.   Defendant took adverse actions against Plaintiff because of her protected conduct.

77.   The foregoing actions of Defendant constitute retaliation against Plaintiff in violation of the Florida Civil Rights Act.

78.   The retaliation described herein was based on Plaintiff's exercise of rights protected by law to resist and oppose sex discrimination and harassment and to participate in actions calculated to redress those grievances.

79.   Plaintiff has suffered damages because of Defendant's actions.

## COUNT V
## FLORIDA PRIVATE WHISTLEBLOWER ACT
## §§ 448.101-105, FLORIDA STATUTES

80.       Plaintiff realleges Paragraphs 1-47.

81.     Plaintiff engaged in protected conduct by objecting to gender-based animus and her supervisor's sexual harassment of her by making internal complaints within Defendant's company.

82.     Defendant took adverse actions against Plaintiff because of her protected conduct.

83.     Defendant's actions were violations of laws, rules, and regulations, including, without limitation, Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act.

84.     Plaintiff has suffered damages because of Defendant's actions.

### **PRAYER OF RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

a)     that process issue and this Court take jurisdiction over this case;

b)     judgement against Defendant and for Plaintiff awarding compensatory and damages on all Counts and punitive damages for Counts I-IV, for the Defendant' violations of law enumerated herein;

c)     judgement against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein and reinstatement for the Plaintiff, remedying all benefits of which Plaintiff has been unlawfully deprived;

d)     prejudgment interest;

e)      judgement against Defendant and for Plaintiff awarding Plaintiff her

attorney's fees and costs;

f)      all equitable relief that is allowed by law;

g)      such other and further relief as is appropriate.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted, this 24th day of May, 2021.

/s/*Richard E. Johnson*
Richard E. Johnson, Bar No 858323
LAW OFFICE OF RICHARD E. JOHNSON
rick@rej-law.com
314 West Jefferson Street
Tallahassee, Florida 32301
Telephone: (850) 425-1997
Facsimile: (850) 561-0836

Filing # 127651808 E-Filed 05/27/2021 10:40:06 AM

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

A Certified Copy
Attest:

**TINA HUFF,**

**Gwendolyn Marshall**

      Plaintiff(s),

Clerk & Comptroller
Leon County, Florida

VS.

By

**CASE NO.: 2021 CA 944**

Deputy Clerk 7/20/2021

**OUTBACK STEAKHOUSE OF FLORIDA, LLC,**

      Defendant(s).

_____/

## UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT

In compliance with Florida Supreme Court directives on active, differential civil case management established in Supreme Court Administrative Order AOSC20-23, Amendment 12, and Second Judicial Circuit Administrative Order 21-04, all parties in the above-styled cause are bound by this Case Management Order.

**Plaintiff shall serve this order on all parties with service of the original complaint. Strict enforcement is required unless good cause is shown for an exception or as otherwise required by law.**

**I. PROJECTED TRIAL DATE**

All **COUNTY COURT Civil cases** are designated **STREAMLINED CASES** with a projected trial date of **360 days** from the date of filing of the complaint.

All **CIRCUIT COURT Civil cases** for which the complaint **does not demand trial by jury** are designated **STREAMLINED CASES** with a projected trial date of **360 days** from the date of filing of the complaint.

All **CIRCUIT COURT Civil cases** for which the **complaint demands trial by jury** are **GENERAL CASES** with a projected trial date of **540 days** from the date of filing of the complaint.

A change in the above designations may be made by the presiding judge on the judge's own initiative or upon motion of any party. Should any party assert that a civil case should be treated other than designated above, such party shall file

a written motion requesting such change and the motion shall be expeditiously resolved by the presiding Judge.

## II. Notice that Cause is at Issue and Firm Trial Date

The parties **must file a *Joint* Notice** that the Cause is at Issue **no later than 15 days after the pleadings are closed.** In the event of a dispute, either party may file a motion and request a hearing to determine if the cause is at issue.

Upon joint notice or judicial determination that the cause is at issue, the Court will schedule a Firm Trial Date consistent with the Projected Trial Date above unless either party requests a different date in their Notice that the Cause is at Issue. Should either party request a Firm Trial Date different than the Projected Trial Date, the Plaintiff shall expeditiously set a case management conference to determine the Firm Trial Date.

## III. Mandatory Deadlines for *Streamlined* Cases

If this case is designated as a STREAMLINED CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

120 days after filing: Service of Complaints
150 days after filing: Service under any Extension of Time
180 days after filing: Adding New Parties
210 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
270 days after filing: Completion of Fact and Expert Discovery
270 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## IV. Mandatory Deadlines for *General* Cases

If this case is designated as a GENERAL CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

120 days after filing: Service of Complaints
180 days after filing: Service under any Extension of Time
210 days after filing: Adding New Parties
270 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
400 days after filing: Completion of Fact and Expert Discovery

450 days after filing:  Resolution of Pretrial Motions, including Motions for Summary Judgment

## V. Mediation

All parties must mediate unless excused by court order for good cause shown or as otherwise required by law and in compliance with Rules of Civil Procedure 1.700 - 1.730.

## VI. Noncompliance

By Order of the Florida Supreme Court, strict, good faith compliance with this Uniform Order for Active, Differential Civil Case Management is required unless good cause is shown for an exception or as otherwise required by law.  These procedures and time standards do not supplant any existing rule, statute, or law.

Failure to appear at the pretrial conference or failure to comply with the terms of this order may result in such sanctions as are just and lawful including:  an immediate ex parte hearing and entry of final judgment of default or dismissal, limitation of witnesses or other evidence, striking of claims or defenses, or imposition of attorney fees or costs.

## VII. Hearings by Audio-Video Technology

During the COVID-19 Public Health Emergency, all hearings other than jury selection and trial *shall* be conducted consistent with Florida Supreme Court and Second Circuit Administrative Order by audio-video technology.  Each judge is responsible to establish the process for such audio-video technology hearings by notice of hearing including technology access.

After the conclusion of the COVID-19 Public Health Emergency all hearings other than jury selection and trial *may* be conducted by audio-video technology.  Each judge is responsible to establish the process for such audio-video technology hearings by notice of hearing including technology access.

Done and Ordered in Leon County, Florida on May 27, 2021.

ANGELA C. DEMPSEY
Circuit Judge

Filing # 128345488 E-Filed 06/08/2021 04:03:16 PM

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT,
IN AND FOR LEON COUNTY, FLORIDA**

**TINA HUFF,**                                                    **CASE NO.:   2021 CA 944**
                                                                 **FLA BAR NO.: 858323**
      **Plaintiff,**

**v.**

**OUTBACK STEAKHOUSE OF
FLORIDA, LLC**                                                   **Summons**

      **Defendant.**

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

      **KELLY LEFFERTS
2202 NORTH WEST SHORE BLVD.
5TH FLOOR
TAMPA, FL 33607**

      Each defendant is required to serve written defenses to the complaint or petition on **Richard E. Johnson**, Plaintiff's attorney, whose address is **314 West Jefferson St., Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      DATED on June 8, 2021.

                                            CLERK OF THE CIRCUIT COURT

                                       By: _Yolanda Smith_      06/09/2021

                                       Deputy Clerk

A Certified Copy
Attest:

**Gwendolyn Marshall**
Clerk & Comptroller
Leon County, Florida
By _AC_
                 Deputy Clerk   7/20/202